UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. KING,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JUDGE RICHARD K. SUEYOSHI, et al.,<br><br>　　　　　Defendants. | No.  2:15-cv-1521-TLN-EFB PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

　　　　Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiff's complaint fails to state a claim and must therefore be dismissed.

/////

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8    relief above the speculative level on the assumption that all of the complaint's allegations are
9    true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable
10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
12       In reviewing a complaint under this standard, the court must accept as true the allegations
13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),
14   construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the
15   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy
16   the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2)
17   requires a complaint to include "a short and plain statement of the claim showing that the pleader
18   is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds
19   upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
20       Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
21   those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*,
22   511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,
23   confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction
24   requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a
25   "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be
26   authorized by a federal statute that both regulates a specific subject matter and confers federal
27   jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity
28   jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff alleges that in January 2014, he entered into a plea agreement for a 16 month sentence for petty theft with prior convictions. *Id*. at 2. After entering his plea, he was released on his own recognizance and ordered to appear back in court on February 6, 2014 for sentencing. *Id*. at 3-4, 30. He was also admonished that if he committed a new crime prior to the sentencing hearing, the court would not be bound by the terms of the plea agreement. *Id*. at 27. One week before the sentencing hearing, plaintiff was involved in a family dispute. *Id*. at 4. The police were called and plaintiff was arrested for being under the influence of methamphetamines. *Id*. at 4, 32.

In light of plaintiff's arrest for the drug offense, plaintiff was sentenced to three years, rather than 16 months, in prison. *Id*. at 4, 35. Plaintiff claims that the state court judge and the district attorney violated his constitutional rights by giving him the maximum sentence of 3 years in prison. *Id*. Plaintiff appealed his sentence, which was denied. *Id*. at 3. He claims that his appointed public defender, Robert Martin, provided ineffective assistance of counsel by failing to contest his illegal sentence. *Id*. at 3.

Pursuant to California's Proposition 47, plaintiff's sentence was subsequently reduced to a misdemeanor and his sentence modified to one year in county jail, with one year of parole upon release. *Id*. at 5, 41. Plaintiff claims, however, that the imposition of one year of parole was unlawful. *Id*. at 5.

The complaint purports to allege claims under 42 U.S.C. § 1983 against Judge Richard K. Sueyoshi, the sentencing judge; Assistant Deputy District Attorney Brad Ng; Public Defender Robert Martin Jr.; Parole Agent J. Garcia; Parole Supervisor Marvin Speed; and Jeffrey Beard, the Secretary of the California Department of Corrections and Rehabilitation. The complaint fails to state a claim against these defendants for several reasons.

3

First, state prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123–24 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430–31 (1976) (holding that prosecutors are immune from civil suits for damages under § 1983 for initiating prosecutions and presenting cases). Plaintiff's claim(s) against Deputy District Attorney Brad Ng relate to actions taken in Mr. Ng's official capacity in relation to plaintiff's sentencing. Accordingly, this defendant is immune from suit.

Judges are also absolutely immune from damage for judicial acts taken within the jurisdiction of their courts . . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). As plaintiff's claim(s) against Judge Sueyoshi relate to sentencing, an act that is judicial in nature, he is entitled to absolute immunity.

In addition, plaintiff's court-appointed attorney, defendant Robert Martin, cannot be sued under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (public defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions). And any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981).

As for defendants Garcia, Speed, and Beard, the complaint does not include any allegations indicating that these defendants were personally involved in the violation of plaintiff's constitutional rights. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). He must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation. Plaintiff fails to

allege facts demonstrating that these three defendants participated in the deprivation of plaintiff's constitutional rights.

More fundamentally, plaintiff's claims, which challenge his state court conviction and sentence, are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486. Under *Heck*, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence. *Id.* If plaintiff is claiming that his federal constitutional rights were violated and as a result he was convicted and incarcerated, he may not recover damages in this action unless he can prove that his conviction has been reversed. As plaintiff's claims are predicated on what he characterizes as unconstitutional and unlawful sentence, his claims are barred by *Heck*.

Furthermore, plaintiff seeks to challenge state court rulings through this civil rights action. However, federal courts lack jurisdiction to review or modify state court judgments. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). "[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir.), *cert. denied*, 525 U.S. 1041, 119 S.Ct. 592 (1998); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("Stated plainly, *Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.").

/////
/////
/////

5

1  Based on the foregoing, plaintiff's complaint must be dismissed without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby ORDERED that plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is granted.

Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to amend and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 15, 2016.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE